Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 CR 518 - 2 | **DATE** | 4/28/2000 |
| **CASE TITLE** | USA vs. ANTHONY SMITH | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, defendant's objections to the magistrate-judge's report and recommendation are sustained in part and overruled in part. This court accepts Magistrate-Judge Rosemond's findings in so far as they find that defendant Smith has failed to establish a fair and just reason for the withdrawal of his plea or the modification of his plea agreement. Order cause referred to the Probation Office for an updated presentence investigation report. Any objections to the presentence investigation report and/or motions for departure are to be filed by June 8, 2000. Response is to be filed by June 15, 2000. Sentencing is set for June 22, 2000 at 1:30 pm.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | | 642 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JS ✓ | courtroom deputy's initials | 00 APR 28 PM 3: | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 96 CR 518-2 |
| ANTHONY SMITH, | ) ) | |
| Defendant. | ) | |



MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On April 17, 1998, defendant Anthony Smith ("Smith") pled guilty before this court pursuant to a plea agreement with the United States of America ("Government"). At the change of plea hearing, defendant Smith was placed under oath and this Court engaged in a lengthy colloquy with defendant Smith pursuant to Federal Rule of Criminal Procedure 11. On October 5, 1998, two days before his October 7, 1998 sentencing date, Smith filed a motion to withdraw his guilty plea pursuant to Federal Rule of Criminal Procedure 32(e). This court referred the matter to Magistrate Judge W. Thomas Rosemond Jr., who held an evidentiary hearing on July 28, 1999. The magistrate judge issued a comprehensive Report and Recommendation ("R & R") on March 30, 2000. Defendant Smith has now filed objections to the R & R. For the reasons set forth in this Memorandum Opinion and Order, defendant Smith's objections are sustained in part and overruled in part.

1

## STANDARD OF REVIEW

Under Rule 72(b) of the Federal Rules of Civil Procedure, a court should engage in a de novo review of specific written objections to a Magistrate Judge's recommendations, including an opportunity to assess new evidence. Fed. R. Civ. P. 72(b); see also Willis v. Caterpillar Inc., 199 F.3d 902, 904 (7th Cir. 1999). A court may "accept, reject, or modify the recommended decision." Id. (citing Fed. R. Civ. P. 72(b)). This de novo standard of review does not require a new hearing, rather this review "simply means that [the court] must give 'fresh consideration to those issues to which specific objections have been made.'" Id. at 925 n.8 (quoting H.R. Rep. No. 1609, 94th Cong., 2d Sess. 3 (1976)). The court has the discretion to "receive additional evidence and rehear [] witnesses." Id.

## ANALYSIS

The disputed issue before this court is whether defendant Smith has submitted sufficient evidence to warrant the withdrawal of his guilty plea or modification of his guilty plea. Federal Rule of Criminal Procedure 32(e) provides that if the motion to permit withdrawal of the plea is made prior to sentencing, the Court "may permit the plea to be withdrawn if the defendant shows any fair and just reason." Fed. R. Crim. P. 32(e). A defendant does not, however, have an absolute right to withdraw the guilty plea. United States v. Salgado-Ocampo, 159 F.3d 322, 324-25 (7th Cir. 1998) (citing United States v. Caban, 962 F.2d 646, 649 (7th Cir. 1992)). The burden is on the defendant to show a fair and just reason to withdraw the plea. Fed. R. Civ. P. 32(e); United States v. Ellison, 835 F.2d 687, 693 (7th Cir. 1987). That burden is rather large especially after defendant states at a Rule 11 hearing that his guilty plea was freely and knowingly given. United States v. Schilling, 142 F.3d 388, 398 (7th Cir. 1998) (citing United States v. Messino, 55 F.3d 1241, 1248 (7th Cir. 1995)).

2

I. Finding Regarding Understanding of English Language

Defendant Smith specifically objects to Magistrate Judge Rosemond's finding that defendant Smith "understands the English language sufficiently to have completely understood the District Court's admonitions" at the change of plea hearing. (R & R, p.20, ¶ 3). Defendant Smith claims that if the interpreter had been called to testify the interpreter would testify to the contrary. Yet, defendant Smith fails to explain why an interpreter was not called to testify regarding defendant Smith's lack of understanding of the English language during the hearing on this matter before Magistrate Judge Rosemond. Nevertheless, defense counsel's statement that he has reason to believe that if the interpreter was called to testify she would state that defendant Smith did not understand English well enough to understand this court's admonitions is beside the point.

As previously stated, the law places the burden on the defendant to show a fair and just reason to withdraw the plea. Fed. R. Civ. P. 32(e); United States v. Ellison, 835 F.2d at 693. In fact, as noted, that burden is rather large especially after defendant states at a Rule 11 hearing that his guilty plea was freely and knowingly given. United States v. Schilling, 142 F.3d at 398. Here, defendant Smith failed to present any evidence during the hearing before Magistrate Judge Rosemond that he did not understand the English language sufficiently enough to understand the court's admonitions. Moreover, the evidence that was presented sufficiently showed that defendant Smith understood the English language. Nonetheless, during the Rule 11 plea colloquy before this court, defendant Smith had an interpreter who was placed under oath and presumably accurately translated the plea agreement. At this point, no evidence has been presented to the contrary. Accordingly, defendant Smith's objection to the finding that he understood English sufficiently to understand this court's admonitions during the Rule 11 plea colloquy is overruled.

3

## II. Finding Regarding Defendant Smith's Role As More Than A Messenger

Defendant Smith next objects to Magistrate Judge Rosemond's finding that his role in the conspiracy was more than that of a messenger. Whether defendant Smith was more than a messenger should more appropriately be addressed at sentencing. Accordingly, defendant Smith's objection to Magistrate Judge Rosemond's finding that he was more than that of a messenger is sustained and that finding is vacated for the purposes of this motion. If necessary, this court will conduct a sentencing hearing on that issue and also, at that point, determine whether defendant Smith qualifies for the safety valve under § 5C1.2 of the Federal Sentencing Guidelines.

## III. Finding Regarding Motion to Withdraw Plea and Modify Plea Agreement

For all intents and purposes, defendant Smith does not object to Magistrate Judge Rosemond's treatment of his motion to withdraw his plea to a motion to modify the plea agreement. Nevertheless, this court finds it necessary to clarify the record regarding the treatment of defendant Smith's initial motion to withdraw the plea as a motion to modify the plea agreement, especially because defendant Smith now requests that this court allow him the possibility of presenting additional evidence on the motion. In addition, Magistrate Judge Rosemond states at the beginning of his R & R that he will not address whether defendant Smith could withdraw his plea agreement under applicable Federal Rules of Criminal Procedure, but nonetheless states at the conclusion that defendant Smith has no factual basis for the withdrawal of his plea.

First of all, with regard to defendant Smith's request for an additional hearing, defendant Smith has not presented an evidentiary basis for this court to allow an additional hearing on the motion. In fact, defendant Smith does not even claim new evidence exits. Regardless, Magistrate Judge Rosemond conducted a lengthy evidentiary hearing regarding the statements defendant Smith now claims were

inaccurate because he was not guilty of committing the acts stated in those specific factual statements. The record before the court establishes, however, that those statements were accurate reflections of what the Governments evidence would have been had the case been presented at trial. Consequently, the court does not find any reason to allow an additional hearing on the motion.

Second, a review of the facts presented during that evidentiary hearing clearly shows that defendant Smith does not have a factual basis or even a fair or just reason for the withdrawal of his guilty plea. In fact, defendant Smith never denies his guilt for the crimes charged, he only claims that various factual statements in the plea agreement are inaccurate. As just stated, the evidence presented at the evidentiary hearing establishes that the factual statements in the plea agreement, of which defendant Smith now contends are inaccurate, do have sufficient factual basis for the guilty plea. Therefore, this court does not find any reason for Magistrate Judge Rosemond or this court to allow the withdrawal of defendant Smith's guilty plea or modification of the plea agreement. Accordingly, defendant Smith's objection to Magistrate Judge Rosemond's denial of his motion to withdraw his guilty plea, which was also appropriately treated as a motion to modify the plea agreement, is overruled.

## CONCLUSION

For the above stated reasons, defendant Smith's objections to the Magistrate Judge Rosemond's Report and Recommendation is sustained in part and overruled in part. This court accepts Magistrate Judge Rosemond's findings in so far as they find that defendant Smith has failed to establish a fair and just reason for the withdrawal of his plea or the modification of his plea agreement. Magistrate Judge Rosemond's finding that defendant Smith's participation in the conspiracy was more than that of a messenger is vacated for purposes of this motion. Sentencing is set for June 22, 2000 at 1:30 p.m.. The Probation Officer is requested to provide any supplement or update to defendant Smith's Presentence Investigation Report to counsel no later than June 1, 2000.

ENTER:

JAMES F. HOLDERMAN
United States District Judge

DATE: April 28, 2000